## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| DEMATIC CORP., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02631-SHL-tmp |
| | ) | |
| HELEN OF TROY, L.P. and STEEL TECHNOLOGY, LLC, | ) | |
| Defendants. | ) | |

## ORDER GRANTING AMENDED MOTIONS TO TRANSFER VENUE

Before the Court are a pair of Amended Motions to Transfer Venue, filed by Defendants

Helen of Troy, L.P., and Steel Technology, LLC ("Helen of Troy"), on August 11, 2025.  (ECF

Nos. 49, 50.) [1]  The motions each make an alternative argument for transfer, one based on the

"first-to-file" rule (ECF No. 49 at PageID 3882), the other based on "the convenience of the

parties and witnesses and in the interest of justice" under 28 U.S.C. § 1404(a) (ECF No. 50 at

PageID 4587).  Plaintiff Dematic Corp. filed its responses to the motions two weeks later.  (ECF

Nos. 59, 61.)  Helen of Troy filed replies on September 5.  (ECF Nos. 70, 71.)  For the reasons

stated below, the motions are **GRANTED**.

## BACKGROUND

Helen of Troy, headquartered in El Paso, Texas, built a new automated warehouse

distribution center in Arlington, Tennessee.  (ECF No. 36 at PageID 2223.)  It contracted with

Dematic, a Michigan corporation, to design and install the warehouse's automated systems.  (Id.

at PageID 2224–25.)  A dispute arose after Helen of Troy notified Dematic that it considered

---

[1] Because the previous versions of these motions (ECF Nos. 43, 45) have been replaced
by the current versions, the previous motions are **DENIED AS MOOT**.

Dematic's performance deficient and was retaining the final 10% it owed on the contract, or

$4,813,854.96.  (Id. at PageID 2225.)

That same day, April 2, 2025, Helen of Troy sued Dematic in the United States District

Court for the Western District of Texas (the "Texas Lawsuit").[2]  (ECF No. 60 at PageID 5349.)

Helen of Troy included claims for breach of contract and breach of warranty.  (ECF 49-1 at

PageID 3893–96.)  It later amended the complaint to add a claim for declaratory judgment.

(ECF No. 49-2 at PageID 3911–12.)  Helen of Troy sought damages and a declaration that it did

not owe to Dematic the remaining $4,813,854.96 under the contract.  (Id.)  On July 7, Dematic

filed a motion to dismiss the Texas Lawsuit for improper venue and a motion to transfer venue to

this Court.  (Texas Lawsuit, ECF Nos. 25, 26.)

Meanwhile, more than a month after Helen of Troy initiated the Texas Lawsuit, Dematic

filed its own suit in Tennessee state court on May 12, 2025.  (ECF No. 1 at PageID 2.)  Dematic

also included as a defendant the Fayette County Industrial Development Board of Fayette

County, Tennessee (ECF No. 1-3 at PageID 25), which the Court later dismissed as a defendant

at Dematic's request (ECF No. 20).  Dematic then amended its complaint to add Travelers

Casualty and Surety Company as a defendant in its place.  (ECF No. 36.)  Dematic's complaint

includes claims for breach of warranty, unjust enrichment, a lien judgment, and other theories to

recover the $4,813,854.96 owed under the contract.  (Id. at PageID 2226–33.)  The same day that

Dematic filed suit, it also recorded a lien on the Fayette County warehouse over the debt.  (Id. at

PageID 2230; ECF No. 62-19 at PageID 6288.)

---

[2] Helen of Troy, L.P., and Steel Technology, L.L.C. v. Dematic Corp., No. 3:25-CV-00111-LS-RC (W.D. Tex. filed Apr. 2, 2025).

On June 20, Helen of Troy removed Dematic's suit to this Court.  (ECF No. 1.)  It then
filed these Motions to Transfer Venue to the Western District of Texas on August 11.  (ECF Nos.
49, 50.)  In twin memoranda accompanying the Motions (ECF Nos. 44, 46), Helen of Troy
argues that (1) venue is proper in the Western District of Texas because it resides in that district,
(2) litigating in the Western District of Texas is more convenient for the parties and witnesses
because at least some of Helen of Troy's evidence is located in Texas, (3) public interest factors
weigh in favor of transfer (ECF No. 46 at PageID 3541–57), and, above all, (4) the "first-to-file"
doctrine requires transfer because Helen of Troy already filed the Texas Lawsuit on largely
identical issues (ECF No. 44 at PageID 2804–11).

In response, Dematic argues that venue is proper in this Court because "a substantial part
of the events or omissions" in the case occurred here.  (ECF No. 60 at PageID 5354.)  Dematic
further denies that venue is proper in the Western District of Texas because (1) Dematic cannot
foreclose on the Tennessee lien in a Texas court, (2) not all defendants reside in the Western
District of Texas now that Dematic has added Travelers as a new defendant, (3) private interest
factors favor Tennessee as a more central location, (4) public interest factors counsel against
transfer because Tennessee has a strong local interest in a contract for "improvements" to
Tennessee real estate, (id. at PageID 5353–66), and (5) the first-to-file rule does not apply
because the Texas Lawsuit was merely declaratory in nature and a bad-faith attempt at forum
shopping (ECF No. 62 at PageID 5731–34).

For the reasons stated below, Helen of Troy's argument that transfer is appropriate under
the first-to-file rule carries the day.

3

## APPLICABLE LAW

Venue for civil actions brought in United States district courts is governed by 28 U.S.C. §

1391, making venue proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "[E]ntit[ies] with the capacity to sue and be sued . . . shall be deemed to

reside, if a defendant, in any judicial district in which such defendant is subject to the court's

personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Courts analyze

whether personal jurisdiction exists over a non-resident defendant under the laws of the forum

state, typically a "long-arm" statute. Cole v. Mileti, 133 F.3d 433, 436 (6th Cir. 1998). In

Texas, the long-arm statute "extends jurisdiction to the limits of federal due process." Bar Grp.,

LLC v. Bus. Intel. Advisors, Inc., 215 F. Supp. 3d 524 (S.D. Tex. 2017) (citing Schlobohm v.

Schapiro, 784 S.W.2d 355, 357 (Tex. 1990)). To fall within the constitutional limits of federal

due process, the party must have established "minimum business contacts" so as not to "offend

traditional notions of fair play and substantial justice." Cole, 133 F.3d at 436 (citing Int'l Shoe

Co. v. Washington, 326 U.S. 310, 316 (1945)).

In a motion to transfer venue under 28 U.S.C. § 1404(a), after a court establishes that

subject-matter jurisdiction and personal jurisdiction are satisfied and that venue is proper in a

transferee court, it must next "evaluate both the convenience of the parties and various public-

interest considerations." Keene, Inc. v. U.S. Gypsum Co., No. 1:24-CV-1877, 2025 WL

4

1182476, at *2 (N.D. Ohio Apr. 22, 2025) (quoting Atl. Marine Constr. Co. v. U.S. Dist. Ct. for

W. Dist. of Tex., 571 U.S. 49, 62 (2013)).

However, a motion to transfer venue under the "first-to-file" doctrine does not require a

court to consider convenience factors.  SNMP Rsch., Inc. v. Avaya, Inc., No. 3:12-CV-117, 2013

WL 474846, at *7 (E.D. Tenn. Feb. 7, 2013).  "Instead of convenience to the litigants, the value

most cherished by the first-to-file doctrine is comity among the courts with cases containing

substantially similar issues."  Id. (quoting NCR Corp. v. First Fin. Comput. Servs., Inc., 492 F.

Supp. 2d 864, 868 (S.D. Ohio 2007)).  "Thus, while the Court may take into account factors such

as the convenience of the parties, the primary factor in deciding whether to transfer is the

judiciary's interest in having the first-filed court determine all the dispositive issues in the case."

Id. (citing Elite Physicians Servs., LLC v. Citicorp Credit Servs., Inc. (USA), No. 1:06-CV-86,

2007 WL 1100481, at *4 (E.D. Tenn. Apr. 11, 2007)).

Under the first-to-file rule, "when actions involving nearly identical parties and issues

have been filed in two different district courts, 'the court in which the first suit was filed should

generally proceed to judgment.'"  Zide Sport Shop, Inc. v. Ed Tobergte Assocs., Inc., 16 F.

App'x 433, 437 (6th Cir. 2001) (quoting In re Burley, 738 F.2d 981, 988 (9th Cir. 1984)).  The

first-to-file rule "encourages comity between federal courts of equal rank."  Id.  It also

"conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the

parties and the courts from the possibility of conflicting results."  Baatz v. Columbia Gas

Transmission, LLC, 814 F.3d 785, 789 (6th Cir. 2016).

Whether to apply the first-to-file rule is within the court's discretion.  Baatz, 814 F.3d at

793; see also Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 688–89 (E.D.

Tenn. 2005).  However, courts consider three factors when determining whether the rule applies:

5

"(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake." Id. The court must also consider whether equitable considerations—such as "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping"—weigh against application of the rule. Zide Sport Shop, Inc., 16 F. App'x at 437; see also Baatz, 814 F.3d at 789.

## ANALYSIS

Although the Court is not required to consider the parties' convenience when applying the first-to-file rule, see SNMP Rsch., Inc., 2013 WL 474846, at *7, nevertheless, in the interest of justice, it considers below the threshold issues of whether the Western District of Texas has both subject-matter jurisdiction and personal jurisdiction over the case, and whether venue is proper there, before considering the applicability of the first-to-file rule.

I.      **Subject-Matter Jurisdiction of the Texas Court over Dematic's Lien**

Dematic argues that a Texas court lacks jurisdiction over Dematic's foreclosure on the mechanics' lien it placed on the Tennessee distribution center, and thus this case should not be transferred to the Texas court. (ECF No. 60 at PageID 5354.) It contends that Tennessee law requires that "[a]ll bills . . . to enforce the specific execution of contracts relating to realty . . . shall be filed in the county in which the land . . . lies." (Id. (quoting Tenn. Code Ann. § 16-11-114(1)).) Because Dematic characterizes its contract with Helen of Troy as a contract "relating to realty"—and not a contract for the sale of goods under the Uniform Commercial Code ("UCC")—it asserts that its foreclosure on the lien is an action in rem that can only be heard in Tennessee. (ECF No. 73 at PageID 6405 (quoting Tenn. Code Ann. § 66-11-208(a)).)

In response, Helen of Troy argues that its agreements with Dematic "are not construction contracts; they are contracts for goods, services, and software." (ECF No. 71 at PageID 6384.)

6

As a result, Dematic's lien premised on "an improvement of real property" was "entirely unlawful." (Id.)  And, even if the lien were legitimate, Helen of Troy argues, Dematic cannot foreclose on the lien because Helen of Troy already filed a lien discharge bond. (ECF No. 48 at PageID 3879.)  Dematic's only cause of action is now against the bond itself (id.), and Dematic was not required to file any claim in a Tennessee court (ECF No. 71 at PageID 6382). Additionally, Helen of Troy points out that, because the contract is governed by Michigan law, Tennessee lien law is inapplicable. (Id.)

It is true that Dematic performed work of a hybrid nature under the contract—on the one hand, offering design and installation services, but on the other hand, selling goods like equipment and software.  Among the parties' exhibits, however, a letter from Dematic to Helen of Troy describes "the material handling system your company purchased from Dematic" (ECF No. 60-7 at PageID 5650), and an affidavit submitted by Helen of Troy avers that "[a]ll equipment installed by Dematic at the Facility is detachable, and none of it became a permanent part of the Facility. . . .  Dematic did not improve the real estate at the Facility."  The predominant purpose of this contract appears to be for the sale of goods, not "for the improvement of real property."  As a result, assuming without deciding that Tennessee law could even apply to this contract, Dematic is not required to pursue its case in a Tennessee court. Thus, Helen of Troy is correct that the past filing of a Tennessee lien does not preclude subject-matter jurisdiction over this case in the Western District of Texas.

## II.    Venue and Personal Jurisdiction over Defendant Travelers in the Texas Court

Dematic also argues that venue is improper in the Western District of Texas and that personal jurisdiction is lacking because Travelers is not a resident of that district. (ECF No. 60 at PageID 5355.)  But all defendants, it argues, are counted as residents of the Western District of

Tennessee due to their activity in this district.  (Id.)  In response, Helen of Troy argues that

Travelers is a party "nearly identical" with itself, since it is only a guarantor of the bond that

Helen of Troy filed against Dematic's lien.  (ECF No. 71 at PageID 6383.)  Further, because

Travelers intentionally contracted with Helen of Troy, a Texas company, Texas courts have

personal jurisdiction over Travelers.  (Id. at PageID 6382–84.)  Thus, Helen of Troy argues that

"Travelers can be deemed to reside in Texas for venue purposes under 28 U.S.C. § 1391(2)."

(Id. at PageID 6384.)

Helen of Troy has met its burden to show that, for purposes of venue, Travelers is a

Texas resident.  By intentionally contracting with a Texas company, Travelers established

"minimum business contacts," giving a Texas court personal jurisdiction over it.  Cole, 133 F.3d

at 436.  Because personal jurisdiction over a defendant satisfies the venue statute, 28 U.S.C. §

1391(c)(2), venue in the Western District of Texas is proper, and Dematic could have originally

filed its complaint in that court.

## III.    First-to-File Doctrine

Helen of Troy argues that the first-to-file doctrine militates for transferring venue because

it filed a lawsuit in the Western District of Texas "over a month before this lawsuit was filed."

(ECF No. 44 at Page 2796.)  It asserts that both suits should be consolidated in Texas because the

parties to the two suits are "nearly identical" and the claims "arise from the same Agreements."

(Id. at PageID 2806–07.)  In response, Dematic argues that the Texas Lawsuit was merely a

"declaratory judgment action that should be dismissed or stayed in favor the substantive suit."

(ECF No. 62 at PageID 5732 (quoting Certified Restoration Dry Cleaning Network, L.L.C. v.

Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007)).  Further, because the first-to-file rule is not

applied to "anticipatory suits" and instances of "forum shopping," Zide Sport Shop, Inc., 16 Fed.

App'x at 437, Dematic contends that this Court should decline to apply the first-to-file rule.

(ECF No. 62 at PageID 5732.)  As evidence that the Texas Lawsuit was anticipatory and an

attempt to forum shop, Dematic cites the fact that Helen of Troy filed suit on the same day that it

informed Dematic that it would not be paying the final $4,813,854.96 of the contract.  (Id. at

PageID 5732–34.)

Under the first-to-file doctrine, the first of the three factors to consider is the order in

which the complaints were filed, with preference to the earlier filing.  Baatz, 814 F.3d at 790.

Here, Helen of Troy filed its complaint on April 2 (ECF No. 60 at PageID 5349), and then

Dematic filed in this Court on May 12 (ECF No. 1 at PageID 2).  So Helen of Troy sued Dematic

first.  This factor weighs in favor of transferring this case to the district with the earlier-filed

matter.

The second factor is the similarity of the parties.  For the first-to-file rule to apply, the

parties in the two cases need not be perfectly identical—they just need to "substantial[ly]

overlap."  Baatz, 814 F.3d at 790 (quoting Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947,

950–51 (5th Cir. 1997)).  Here, because the two suits arise out of a contract between Helen of

Troy and Dematic, who are parties to both suits, the parties are substantially similar.  This factor

also weighs in favor of applying the rule, and transferring this case.

The third factor is the similarity of the issues.  As with the parties, the issues need not be

mathematically congruent—as long as they substantially overlap.  Baatz, 814 F.3d at 790.  Issues

can be said to overlap when "a determination in one action leaves little or nothing to be

determined in the other."  Id. (quoting Smith v. SEC, 129 F.3d 356, 361 (6th Cir. 1997) (en

banc)).  Here, the issues in the two suits substantially overlap because a determination in this

Court of the parties' liabilities would resolve the issues in the Texas Lawsuit, and vice versa. Thus, this factor too weighs in favor of transfer.

If a court determines that the three factors weigh in favor of applying the first-to-file rule, the court must also consider whether any equitable considerations weigh against applying it. Baatz, 814 F.3d at 792. These equitable considerations include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." Zide Sport Shop, Inc., 16 F. App'x at 437. But, in the end, "deviations from the rule should be the exception, rather than the norm." Baatz, 814 F.3d at 792. Here, Dematic urges that the Texas Lawsuit was inappropriately anticipatory and an exercise in forum shopping. (ECF No. 62 at PageID 5732.) However, the Texas Lawsuit was not an example of forum shopping simply because Helen of Troy filed it in the district where it maintains its principal place of business. See Plantronics, Inc. v. Clarity, LLC, 2002 WL 32059746, *3 (E.D. Tenn. July 17, 2002) ("The mere fact that Clarity, LLC filed its suit first in [its home district] does not constitute forum shopping or an anticipatory lawsuit.").

Thus, the Court finds that all three factors weigh in favor of applying the first-to-file doctrine and no equitable considerations weigh against it. Transfer is appropriate to the Western District of Texas.

## CONCLUSION

Because another case involving similar parties and issues was filed first elsewhere, the Court **GRANTS** Helen of Troy's Amended Motions to Transfer Venue and **TRANSFERS** this case to the United States District Court for the Western District of Texas.

**IT IS SO ORDERED** this 26th day of September, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

10